IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROGER VINCENT FORD, <br> Petitioner, | § <br> § <br> § | |
| v. | § | Civil Action No. 4:13-CV-512-Y |
| | § | |
| WILLIAM STEPHENS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br> Respondent. | § <br> § <br> § <br> § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner, Roger Vincent Ford, TDCJ #1110056, is a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), in Fort Stockton, Texas.

Respondent, William Stephens, is the Director of TDCJ.

C. FACTUAL AND PROCEDURAL HISTORY

On May 8, 2002, petitioner entered an open plea of guilty to one count of aggravated sexual assault of a child in the 371st District Court of Tarrant County, Texas, Case No. 0820556, and, on June 28, 2002, the trial court sentenced him to thirty-five years' confinement. (Pet. at 2; 01SHR[1] at 138) The Second District Court of Appeals of Texas affirmed the trial court's judgment and, on September 18, 2003, denied petitioner's motion for rehearing. (*Id.* at 140-44) The petition does not reflect that petitioner filed a petition for discretionary review in the Texas Court of Criminal Appeals. (Pet. at 3)

Petitioner sought postconviction relief in state court by filing two state habeas applications and a motion for DNA testing. On September 16, 2003, while his appeal was still pending, petitioner filed his motion for DNA testing in the trial court, which the court denied on February 9, 2005. (Clerk's R. of Mtn. for DNA Testing at 12, 37) Petitioner appealed the trial court's order of denial, but the Second District Court of Appeals of Texas affirmed the order, and, on December 14, 2005, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Ford v. State*, PDR 1326-05; *Ford v. State*, No. 02-05-052-CR, 2005 WL 1838625 (Tex. App.–Fort Worth, Aug. 4, 2005).

Petitioner's first state habeas application challenging his conviction was filed on May 5, 2004,[2] and was denied by the Texas Court of Criminal Appeals on September 29, 2004. (01SHR

---

[1]"01SHR" refers to the state court record in petitioner's state habeas application no. WR-59,275-01; "03SHR" refers to the state court record in his state habeas application no. WR-59,275-03.

[2]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 2013 WL 809246 (5th Cir. Mar. 5, 2013). The petition
(continued...)

2

at cover, 10) His second state habeas application was filed on March 12, 2013, and dismissed as a subsequent application under article 11.07, § 4(a) - (c) of the Texas Code of Criminal Procedure. (03SHR at cover, 13)

This federal petition for writ of habeas corpus was filed on June 21, 2013.[3] (Pet. at 10) As ordered, respondent has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner filed a reply.

### D. Issues

Petitioner raises five grounds for habeas relief, wherein he claims (1) he is actually innocent of the offense (ground one), (2) he received ineffective assistance of counsel (ground two), (3) the trial court improperly sentenced him (grounds three and four), and (4) the trial court erred by accepting his guilty plea without admonishing him that he would be required to register as a sex offender (ground five). (Pet. at 6-7, 11)

### E. Statute of Limitations

Respondent asserts the petition is time-barred under the federal statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief under § 2254. Specifically, § 2244(d) provides:

---

[2](...continued)
does not state the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by petitioner on November 8, 2011, and the envelope in which the document was mailed reflects a postmark of November 9, 2011; thus, for purposes of these findings, the undersigned deems the state application filed on November 8, 2011.

[3]As with petitioner's state habeas applications, his federal habeas petition is deemed filed when placed in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

3

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because petitioner's claims involve matters relevant to his conviction, subsection (A) governs when the limitations period began to run. Under subsection (A), the limitations began to run on the date the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final and the one-year limitations period began to run upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals, following affirmance of his conviction by the state appellate court, on Monday, October 20, 2003, and closed one year later on October 20, 2004, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th

Cir. 2003).

The limitations period was statutorily tolled under § 2244(d)(2) during the pendency of petitioner's motion for DNA testing, from September 16, 2003, before his conviction became final, through December 14, 2005, the date the Texas Court of Criminal Appeals refused his petition for review of the trial court's order denying DNA testing. *Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2010). Thus, petitioner's federal petition was due on or before December 14, 2006, absent additional tolling.

Petitioner's first state habeas application filed and denied during the pendency of the DNA motion has no effect on the limitations period. Petitioner's second state habeas application filed on March 12, 2013, over seven and a half years after limitations expired, also fails to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, petitioner is not entitled to additional tolling under § 2244(d)(2).

Nor has petitioner demonstrated rare or exceptional circumstances warranting additional tolling as a matter of equity. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2552 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way" and prevented him from filing a timely petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)).

Petitioner asserts that he has diligently pursued postconviction relief, however he has no money to pay for representation and is ignorant of the law. (Pet. at 9; Pet'r Reply at 3-5) It is well settled that a petitioner's *pro se* status, indigence or lack of knowledge of the law and filing deadlines, all common problems of inmates who are trying to pursue postconviction habeas relief,

5

do not suffice as a basis for equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner also asserts that he is actually innocent of the offense based on affidavits executed by his son, Brian Ford, on August 21, 2010, and/or January 28, 2011, confessing that he, and not petitioner, sexually assaulted the victim. (Pet. at 6; Pet'r Mem. at 52; 03SHR at 61, 63) In *McQuiggin v. Perkins,* the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). *McQuiggin,* — U.S. —, 133 S. Ct. 1924, 1932-33 (2013). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup,* 513 U.S. at 326-27. *See also House v. Bell,* 547 U.S. 518, 539-54 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup* ). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States,* 523 U.S. 614, 623-624 (1998).

The offense occurred in September 2001, and petitioner entered his guilty plea and judicially confessed to the offense in May 2002. (01SHR at 132, 137-38) The state habeas court found that the more recent affidavit(s) by Brian were not newly discovered evidence nor affirmative evidence of petitioner's innocence because, before petitioner entered his plea, Brian signed a statement admitting that he sexually assaulted the victim on September 20, 2001. (03SHR at 101) The court

also found that the fact Brian admitted to sexually assaulting the victim did not prove petitioner did not sexually assault the victim on a different occasion. (*Id.* at 102) Based on its findings, the state court concluded petitioner had "not made a prima facie showing of actual innocence." (03SHR at 103-04)

Although actual innocence, if proved, can overcome the statute of limitations, the court does not find petitioner's so-called proof of innocence, Brian's affidavit(s), convincing or reliable for the reasons given by the state court. *McQuiggin*, 133 S. Ct. 2013 WL 2300806 at *1. Assuming, without deciding, that *McQuiggin* applies in the context of a guilty plea, petitioner only makes a claim–not a showing–of actual innocence.[4] He fails to meet the threshold requirements of actual innocence by showing that in light of new evidence, credible declarations of guilt by another person, trustworthy witness accounts, or physical evidence, no reasonable juror would have found him guilty beyond a reasonable doubt if he had not pleaded guilty.

Accordingly, petitioner's petition was due on or before December 14, 2006. His petition filed on June 21, 2013, is untimely.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus be dismissed with prejudice as time-barred.

---

[4]Some circuit courts have held that a guilty plea discloses petitioner from arguing actual innocence to extend a time period under *McQuiggin*. *See, e.g., Jackson v. United States*, No. 13-CV-818-JPS, 2013 WL 5295701 (E.D.Wis. Sept. 18, 2013); *Sidener v. United States*, No. 11-CV-3085, 2013 WL 4041375 (C.D.Ill. Aug. 8, 2013); *United States v. Cunningham*, 2013 WL 3899335 (S.D.Tex. July 27, 2013). *But see Green v. Williams*, No. 3:11-CV-00455-HDM, 2013 WL 4458971 (D.Nev. Aug. 16, 2013).

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December __17__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December __17__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 26, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE